Exhibit A

**SWARTZ CULLETON FERRIS** TRIAL LAWYERS
By: Bryan M. Ferris, Esquire
Identification No. 93105
bferris@swartzculleton.com
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorneys for Plaintiff,
Russell Distler, II



| | | |
|---|---|---|
| RUSSELL DISTLER, II<br>31 Grays Lane<br>Elverson, PA 19520<br>*Plaintiff* | :<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>_____ TERM, 2025 |
| | : | |
| | : | NO. |
| v. | :<br>: | |
| SENADA BIKES<br>2380 W. Base Line Road<br>Dock Door #28<br>Rialto, CA 92376<br>-and-<br>AMAZON.COM, INC.<br>410 Terry Avenue North<br>Seattle, WA 98109-5210<br>-and-<br>AMAZON.COM SERVICES, LLC<br>410 Terry Avenue North<br>Seattle, WA 98109-5210<br>-and-<br>JOHN DOES 1-5, FICTITIOUS<br>DEFENDANT(S)<br>*Defendants* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **JURY TRIAL DEMANDED** |

## NOTICE TO DEFEND

<table>
<tr><td align="center">NOTICE</td><td align="center">AVISO</td></tr>
<tr><td>

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other
</td><td>

A USTED SE LE HA DEMANDADO EN LA CORTE. Si usted quiere defenderse contra la demanda expuesta en las siguientes páginas, tiene que tomar acción en un plazo de veinte (20) días después que reciba esta demanda y aviso, por presentar una notificación de comparecencia escrita personalmente o por un abogado y radicar por escrito en la Corte sus defensas u objeciones a las demandas presentadas en su contra. Se le advierte que si falla en hacerlo, el caso podría seguir adelante sin usted y un fallo podría ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por el/la demandante. Puede
</td></tr>
</table>

rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE..

Philadelphia Bar Association
Lawyer Referral
and Information Service
1101 Market Street #11
Philadelphia, Pennsylvania 19107
215 238 6300

que usted pierda dinero o propiedad u otros derechos importantes para usted. USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, DIRÍJASE O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ABAJO. ESTA OFICINA PUEDE PROVEERLE CON INFORMACIÓN SOBRE COMO CONTRATAR UN ABOGADO. SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRÍA PROPORCIONARLE INFORMACIÓN ACERCA DE AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REÚNAN LOS REQEQUISITOS A UN HONORARIO REDUCIDO O GRATIS.

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
1101 Market Street #11
Philadelphia, Pennsylvania 19107
215 238 6300

Case ID: 251000313

**SWARTZ CULLETON FERRIS** TRIAL LAWYERS
By: Bryan M. Ferris, Esquire
Identification No. 93105
bferris@swartzculleton.com
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorneys for Plaintiff,
Russell Distler, II

| | | |
|---|---|---|
| RUSSELL DISTLER, II | : | COURT OF COMMON PLEAS |
| 31 Grays Lane | : | PHILADELPHIA COUNTY |
| Elverson, PA 19520 | : | |
| *Plaintiff* | : | |
| | : | _____ TERM, 2025 |
| | : | |
| | : | NO. |
| v. | : | |
| | : | |
| SENADA BIKES | : | |
| 2380 W. Base Line Road | : | |
| Dock Door #28 | : | |
| Rialto, CA 92376 | : | |
| -and- | : | |
| AMAZON.COM, INC. | : | |
| 410 Terry Avenue North | : | |
| Seattle, WA 98109-5210 | : | |
| -and- | : | |
| AMAZON.COM SERVICES, LLC | : | |
| 410 Terry Avenue North | : | |
| Seattle, WA 98109-5210 | : | |
| -and- | : | **JURY TRIAL DEMANDED** |
| JOHN DOES 1-5, FICTITIOUS | : | |
| DEFENDANT(S) | : | |
| *Defendants* | : | |

## CIVIL ACTION COMPLAINT

1.      Plaintiff, Russell Distler, II, is an adult individual and citizen of the

Commonwealth of Pennsylvania, residing therein at the above-captioned address.

Case ID: 251000313

2.    Defendant, Senada Bikes, was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of California, with a principal place of business located therein at the above-captioned address.

3.    Defendant, Amazon.com, Inc., was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of Delaware, with a principal place of business and corporate headquarters located in the State of Washington at the above-captioned address.

4.    Defendant, Amazon.com Services, LLC, was and is now a business entity, believed to be a limited liability company, duly organized and existing under the laws of the State of Delaware, with a principal place of business and corporate headquarters located in the State of Washington at the above-captioned address.

5.    Defendants, John Does 1-5, Fictitious Defendant(s), are individuals, corporations and/or entities whose identities are not yet known to Plaintiff, but who designed, manufactured, apparently manufactured, sold, supplied, assembled, repaired, serviced, modified, leased, maintained and/or distributed the subject electric bike involved in Plaintiff's accident.

6.    Venue is proper in Philadelphia County because one or more of the Defendants regularly and continuously conduct business in Philadelphia County.

7.    At all times relevant hereto, the Defendants, and each of them, acted by and through their respective agents, servants, employees, workmen, and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency, and/or service for the same.

8.    At all times relevant hereto, the Defendants, by and through their respective agents, servants, employees, workmen, and/or other representatives, were regularly engaged in

the business of designing, developing, manufacturing, apparently manufacturing, distributing, marketing, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing, packaging, labeling and/or providing safety recommendations/instructions for products such as the subject Senada Drifter folding electric bike for adults (28MPH, 62 Miles Range), serial number BTJY23040264, and their component parts, including the bolt attaching the rear fender to the e-bike frame, and all instruction manuals and associated warnings.  See Photographs of Subject Senada Drifter Folding Electric Bike with Serial Number attached hereto as Exhibits A through I.

9.      At all times relevant hereto, the Defendants designed, distributed, assembled, implemented, licensed, marketed, manufactured, apparently manufactured, maintained, repaired, serviced, provided safety recommendations for and/or sold the subject Senada Drifter folding electric bike for adults (28MPH, 62 Miles Range), serial number BTJY23040264 and the component parts thereto, including the bolt attaching the rear fender to the e-bike frame, and all instruction manuals and associated warnings.

10.      On or about October 10, 2023, Plaintiff, Russell Distler, II, was riding the subject Senada Drifter folding electric bike for adults (28MPH, 62 Miles Range), serial number BTJY23040264, on Eagle View Road in Exton, PA, when, suddenly and without warning, the bolt attaching the rear fender to the frame of the bike backed out completely, allowing the rear fender to rotate forward with the rear wheel/tire, thereby pulling the fender against the tire.

11.      As a result, the fender was pulled under the tire of the electric bike, hereby causing the electric bike to slide on the fender, resulting in the loss of control of the electric bike, and causing Plaintiff to fall and sustain various severe and permanent bodily injuries and losses as more fully set forth hereinafter.

12.     The subject Senada Drifter folding electric bike for adults (28MPH, 62 Miles Range), serial number BTJY23040264, involved in Plaintiff's accident was affixed and/or otherwise labeled with Defendant Senada Bike's name/trademark and/or symbol.

13.     Defendant, Senada Bikes, labeled the aforesaid electric bike and/or allowed the aforesaid electric bike to be labeled and sold with its name and/or trademark and/or symbol which readily identified Defendant, Senada Bikes, as the apparent and/or actual manufacturer of the product.

14.     As such, Defendant Senada Bikes could reasonably expect end users and consumers to purchase the aforesaid electric bike in reliance upon the reputation associated with Defendant Senada Bike's name and Defendant Senada Bike put out the aforesaid electric bike as its own product.

15.     The subject Senada Drifter folding electric bike for adults (28MPH, 62 Miles Range), serial number BTJY23040264, was designed, manufactured, apparently manufactured, assembled, tested, inspected, marketed, sold and/or distributed by the Defendants.  Prior to the time of Plaintiff's accident, the subject electric bike was purchased new and was in the same condition at the time of Plaintiff's accident as it was when it left the Defendants' hands, undergoing no subsequent alterations or modifications.

### COUNT I
### RUSSELL DISTLER, II v. SENADA BIKES
### PRODUCTS LIABILITY – STRICT LIABILITY

16.     Plaintiff hereby incorporates by reference paragraphs one (1) through fifteen (15) of the within Complaint as though the same were fully set forth at length herein.

17.     Defendant, Senada Bikes, designed, manufactured, apparently manufactured, distributed, marketed, sold, assembled, maintained, tested, repaired, serviced, inspected, installed,

Case ID: 251000313

licensed, provided safety recommendations for and/or placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d, 399 (Pa. 2014). More specifically, the Defendant designed, manufactured, apparently manufactured, sold and/or placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

18.    Defendant, Senada Bikes, designed, manufactured, apparently manufactured, prepared, distributed, marketed, sold, assembled, tested, maintained, promoted, repaired, imported, inspected, installed, licensed, distributed, serviced, leased, provided safety recommendations for and/or placed into the stream of commerce the aforementioned Senada Drifter folding electric bike for adults (28MPH, 62 Miles Range), serial number BTJY23040264, and/or its component parts, including all instruction manuals and associated warnings, which caused Plaintiff's accident and injuries.

19.    The accident described herein was caused solely and exclusively by Defendant's defective design, assembly, manufacture, apparent manufacture, licensing, marketing, distribution and/or sale of the aforesaid electric bike and its component parts.

20.    Defendant is strictly liable to Plaintiff as follows:

(a) designing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric bike and its component parts in a dangerous and defective condition so as to cause injury to the Plaintiff;

(b) designing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric bike and its component parts with a fundamentally unsafe

bolt attaching the rear fender to the e-bike frame and overall design, even though safer and feasible alternative designs existed, which would have prevented the Plaintiff's accident and injuries;

(c)  failing to properly design, manufacture, apparently manufacture, assemble, implement, license, distribute and/or sell the subject electric bike with durable component parts, including the bolt attaching the rear fender to the e-bike frame, able to withstand normal use;

(d)  failing to properly design, manufacture, apparently manufacture, assemble, license, implement, distribute and/or sell the subject electric bike and its component parts to include an effective and durable safeguard to prevent the accident described above which caused Plaintiff's injuries;

(e)  failing to properly equip the subject electric bike and its component parts with an appropriate safety mechanism to prevent the accident described above which caused Plaintiff's injuries;

(f)  failing to properly design, manufacture, apparently manufacture, assemble, license, implement, distribute and/or sell the subject electric bike and its component parts to adequately warn users of the potential for the type of accident described above which caused Plaintiff's injuries;

(g)  creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(h)  failing to exercise the requisite degree of care and caution in the design, manufacture, apparent manufacture, assembly, licensing, implementation, design, distribution and/or sale of the subject electric bike and its component parts;

(i)  failing to ensure that the subject electric bike was safe and free from hidden defects;

(j)  failing to properly inspect, test, identify and correct dangerous and defective conditions in the subject electric bike;

(k)  failing to ensure that the subject electric bike and its component parts could be used in a manner which would not cause a danger to potential ordinary consumers/users of the product, such as the Plaintiff;

(l)  failing to warn purchasers and end users of the dangers of the subject product;

(m) failing to take timely action to warn end consumers/users or otherwise remedy the defective design, manufacture, apparent manufacture, distribution, marketing, promotion, sale, assembly, maintenance, testing, repair, service, inspection, installation and/or safety recommendations for the subject product, which should have been known to the Defendant prior to the date of Plaintiff's accident;

(n) failing to use industry-recognized safety specifications in the design, implementation and manufacture of the subject electric bike;

(o) embossing, affixing and/or otherwise labeling the subject electric bike and its component parts with Defendant's name/trademark and symbol;

(p) allowing the subject electric bike and its component parts to be embossed, affixed and/or labeled and sold with Defendant's name/trademark and symbol which readily identified Defendant as the apparent and/or actual manufacturer of the product;

(q) vicarious liability as an apparent manufacturer of the subject electric bike pursuant to the Restatement (Second) of Torts §400; and

(r) any other acts or omissions that may be revealed during discovery.

21.     The accident described herein was due in no manner to negligence, wrongdoing or product misuse on the part of the Plaintiff.

22.     At all times relevant hereto, Defendant's aforesaid electric bike and its component parts were defective and unsafe for consumer use.

23.     At all times relevant hereto, there were latent defects in the Defendant's aforesaid electric bike and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

24.     The Defendant designed, manufactured, apparently manufactured, distributed, licensed, assembled, marketed, maintained, tested, repaired, serviced, inspected, installed, sold and/or provided safety recommendations for and/or placed into the stream of commerce the

Case ID: 251000313

aforesaid electric bike and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

25.    Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

26.    In addition, Defendant designed, manufactured, apparently manufactured, distributed, implemented and/or sold the subject electric bike with defective warnings and instructions in violation of the Restatement (Second) of Torts §402(B).

27.    In that regard, the warnings and instructions were not adequately durable, visible, or conspicuous, and failed to convey the risk of harm to the intended users of the aforesaid electric bike and its component parts, such as Plaintiff.

28.    The defective warnings and instructions caused Plaintiff's injuries.

29.    Furthermore, Defendant is liable and/or vicariously liable to Plaintiff as an apparent manufacturer of the subject electric bike pursuant to the Restatement (Second) of Torts §400.

30.    In that regard, upon information and belief, the subject electric bike involved in Plaintiff's accident was embossed, affixed and/or otherwise labeled with Defendant Senada Bike's name/trademark and/or symbol.

31.    Defendant, Senada Bikes, labeled the subject electric bike and/or allowed the subject electric bike to be labeled and sold with its name and/or trademark and/or symbol which readily identified Defendant, Senada Bikes, as the apparent and/or actual manufacturer of the product.

32.    As such, Defendant, Senada Bikes, could reasonably expect end users and consumers to purchase the subject product in reliance upon the reputation associated with Defendant Senada Bike's name and Defendant put out the subject product as its own product.

33.    Defendant, Senada Bikes, is therefore subject to the same liability as though it was the actual manufacturer of the subject electric bike pursuant to the apparent manufacturer doctrine and Restatement (Second) of Torts §400 and is vicariously liable for causing Plaintiff's injuries and damages.

34.    As a result of the aforementioned conduct of the Defendant, Plaintiff, Russell Distler, II, suffered severe and permanent injuries, including but not limited to, the fracture of his left ankle requiring the surgical installation of a plate and screws, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system.

35.    As a result of the aforesaid conduct of Defendant, Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

36.    As a further result of the aforesaid conduct of Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

37.    As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

38.    Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

39.     As a further result of the accident described herein, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

40.     As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

41.     As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering, and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Russell Distler II, demands judgment in his favor and against Defendant, Senada Bikes, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT II
## RUSSELL DISTLER, II v. SENADA BIKES
## PRODUCTS LIABILITY - NEGLIGENCE

42.     Plaintiff hereby incorporates by reference paragraphs one (1) through forty-one (41) of the within Complaint as though the same were fully set forth at length herein.

43.     At all times material hereto, Defendant, Senada Bikes, owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing, licensing, implementing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the aforesaid electric bike and its component parts, and to license, market, promote, sell and/or distribute that product in a reasonably safe condition.

44.     The Defendant was negligent in designing, manufacturing, apparently manufacturing, assembling, marketing, licensing, implementing, servicing, distributing, selling

and/or providing safety recommendations for the defectively designed and manufactured electric

bike and its component parts, which consisted of the following:

(a) carelessly and negligently designing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric bike and its component parts in a dangerous and defective condition so as to cause injury to the Plaintiff;

(b) carelessly and negligently designing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric bike and its component parts with a fundamentally unsafe bolt attaching the rear fender to the e-bike frame and overall design, even though safer and feasible alternative designs existed, which would have prevented the Plaintiff's accident and injuries;

(c) carelessly and negligently failing to implement a safe system for ensuring the subject electric bike and its component parts could be used safely by ordinary consumers/end users of the product, such as Plaintiff;

(d) carelessly and negligently failing to design, manufacture, apparently manufacture, assemble, distribute, implement, service, license and/or sell the subject electric bike with durable component parts able to withstand normal use;

(e) carelessly and negligently failing to recognize the inherent possibility that the subject electric bike and its component parts could malfunction and/or fail;

(f) carelessly and negligently failing to properly equip the subject electric bike and its component parts with proper safety equipment and/or mechanisms, such as an adequately bolted rear fender to frame, to prevent the type of accident which caused Plaintiff's injuries;

(g) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(h) failing to exercise the requisite degree of care and caution in design, development, manufacture, apparent manufacture, distribution, marketing, sale, assembly, maintenance, testing, repair, service, inspection, installation, licensing and/or providing safety recommendations for the subject electric bike and its component parts;

(i) failing to ensure that the subject electric bike and its component parts could be used in a manner which would not cause a danger to end users, such as the Plaintiff;

(j) failing to use industry-recognized safety specifications in the design and implementation of the subject electric bike;

(k) failing to warn purchasers and end users of the dangers of the subject electric bike and its component parts;

(l) failing to properly and adequately test the subject electric bike and its component parts;

(m) failing to properly and adequately inspect and service the subject electric bike and its component parts prior to listing it for sale online or in stores;

(n)  failing to recall or otherwise remove from retail the electric bike because of its defective and dangerous condition prior to Plaintiff's accident;

(o) failing to ensure that the subject electric bike and its component parts were safe and free from hidden defects;

(p) failing to identify and correct dangerous and defective conditions in the subject electric bike and its component parts;

(q) failing to take timely action to warn end consumers or otherwise remedy the defective design, manufacture and/or apparent manufacture of the subject electric bike and its component parts, which should have been known to the Defendant prior to the date of Plaintiff's accident;

(r) embossing, affixing and/or otherwise labeling the subject electric bike and its component parts with Defendant's name/trademark and/or symbol;

(s) allowing the subject electric bike and its component parts to be embossed, affixed and/or labeled and sold with Defendant's name/trademark and/or symbol, which readily identified Defendant as the apparent and/or actual

manufacturer of the product and caused end users of the product, such as Plaintiff, to associate the product with Defendant's reputation;

(t) vicarious liability as an apparent manufacturer of the subject electric bike pursuant to the Restatement (Second) of Torts §400;

(u) otherwise failing to use due care and caution under the circumstances; and

(v) any other acts or omissions that may be revealed during discovery.

45.    The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to any negligence, wrongdoing or product misuse on the part of the Plaintiff.

46.    As a result of the aforesaid conduct of Defendant, Plaintiff suffered the injuries described in paragraphs thirty-four (34) through forty-one (41) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Russell Distler, II, demands judgment in his favor and against Defendant, Senada Bikes, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT III
## RUSSELL DISTLER, II v. SENADA BIKES
## BREACH OF WARRANTY

47.    Plaintiff hereby incorporates paragraphs one (1) through forty-six (46) of the within Complaint as though the same were fully set forth at length herein.

48.    By virtue of the design, manufacture, apparent manufacture, distribution, marketing, licensing and/or sale of the subject electric bike and its component parts for use by an end user and/or consumer, Defendant, Senada Bikes, warranted to Plaintiff that the subject product was safe, merchantable and fit for its intended use.

49.    The subject electric bike, in fact, was not safe, merchantable or fit for the ordinary purposes for which it was intended to be used, in that it was defective and unreasonably dangerous,

rendering it unsafe for the foreseeable uses for which it was designed, manufactured, licensed and/or sold. Plaintiff was a foreseeable user of the subject product and could reasonably be expected to be injured by the subject product.

50.    As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the subject electric bike and its component parts were merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

51.    As a result of the aforesaid conduct of Defendant, Plaintiff suffered the injuries described in paragraphs thirty-four (34) through forty-one (41) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Russell Distler, II, demands judgment in his favor and against Defendant, Senada Bikes, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT IV
## RUSSELL DISTLER II v. AMAZON.COM, INC.
## PRODUCTS LIABILITY – STRICT LIABILITY

52.    Plaintiff hereby incorporates by reference paragraphs one (1) through fifty-one (51) of the within Complaint as though the same were fully set forth at length herein.

53.    Defendant, Amazon.com, Inc., designed, manufactured, apparently manufactured, distributed, marketed, sold, assembled, maintained, tested, repaired, serviced, inspected, installed, licensed, provided safety recommendations for and/or placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d, 399 (Pa. 2014). More specifically, the Defendant designed, manufactured, apparently manufactured, sold and/or placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person

would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

54.    Defendant, Amazon.com, Inc., designed, manufactured, apparently manufactured, prepared, distributed, marketed, sold, assembled, tested, maintained, promoted, repaired, imported, inspected, installed, licensed, distributed, serviced, leased, provided safety recommendations for and/or placed into the stream of commerce the aforementioned Senada Drifter folding electric bike for adults (28MPH, 62 Miles Range), serial number BTJY23040264, and/or its component parts, including all instruction manuals and associated warnings, which caused Plaintiff's accident and injuries.

55.    The accident described herein was caused solely and exclusively by Defendant's defective design, assembly, manufacture, apparent manufacture, licensing, marketing, distribution and/or sale of the aforesaid electric bike and its component parts.

56.    Defendant is strictly liable to Plaintiff as follows:

    (a) designing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric bike and its component parts in a dangerous and defective condition so as to cause injury to the Plaintiff;

    (b) designing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric bike and its component parts with a fundamentally unsafe bolt attaching the rear fender to the e-bike frame and overall design, even though safer and feasible alternative designs existed, which would have prevented the Plaintiff's accident and injuries;

    (c) failing to properly design, manufacture, apparently manufacture, assemble, implement, license, distribute and/or sell the subject electric bike with durable component parts, including the bolt attaching the rear fender to the e-bike frame, able to withstand normal use;

Case ID: 251000313

(d) failing to properly design, manufacture, apparently manufacture, assemble, license, implement, distribute and/or sell the subject electric bike and its component parts to include an effective and durable safeguard to prevent the accident described above which caused Plaintiff's injuries;

(e) failing to properly equip the subject electric bike and its component parts with an appropriate safety mechanism to prevent the accident described above which caused Plaintiff's injuries;

(f) failing to properly design, manufacture, apparently manufacture, assemble, license, implement, distribute and/or sell the subject electric bike and its component parts to adequately warn users of the potential for the type of accident described above which caused Plaintiff's injuries;

(g) creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(h) failing to exercise the requisite degree of care and caution in the design, manufacture, apparent manufacture, assembly, licensing, implementation, design, distribution and/or sale of the subject electric bike and its component parts;

(i) failing to ensure that the subject electric bike was safe and free from hidden defects;

(j) failing to properly inspect, test, identify and correct dangerous and defective conditions in the subject electric bike;

(k) failing to ensure that the subject electric bike and its component parts could be used in a manner which would not cause a danger to potential ordinary consumers/users of the product, such as the Plaintiff;

(l) failing to warn purchasers and end users of the dangers of the subject product;

(m) failing to take timely action to warn end consumers/users or otherwise remedy the defective design, manufacture, apparent manufacture, distribution, marketing, promotion, sale, assembly, maintenance, testing, repair, service, inspection, installation and/or safety recommendations for the subject product, which should have been known to the Defendant prior to the date of Plaintiff's accident;

(n) failing to use industry-recognized safety specifications in the design, implementation and manufacture of the subject electric bike;

(o) embossing, affixing and/or otherwise labeling the subject electric bike and its component parts with Defendant's name/trademark and symbol;

(p) allowing the subject electric bike and its component parts to be embossed, affixed and/or labeled and sold with Defendant's name/trademark and symbol which readily identified Defendant as the apparent and/or actual manufacturer of the product;

(q) vicarious liability as an apparent manufacturer of the subject electric bike pursuant to the Restatement (Second) of Torts §400; and

(r) any other acts or omissions that may be revealed during discovery.

57.     The accident described herein was due in no manner to negligence, wrongdoing or product misuse on the part of the Plaintiff.

58.     At all times relevant hereto, Defendant's aforesaid electric bike and its component parts were defective and unsafe for consumer use.

59.     At all times relevant hereto, there were latent defects in the Defendant's aforesaid electric bike and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

60.     The Defendant designed, manufactured, apparently manufactured, distributed, licensed, implemented and/or sold the aforesaid electric bike and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

61.     Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

62.     In addition, Defendant designed, manufactured, apparently manufactured, distributed, implemented and/or sold the subject electric bike with defective warnings and instructions in violation of the Restatement (Second) of Torts §402(B).

63.     In that regard, the warnings and instructions were not adequately durable, visible, or conspicuous, and failed to convey the risk of harm to the intended users of the aforesaid electric bike and its component parts, such as Plaintiff.

64.     The defective warnings and instructions caused Plaintiff's injuries.

65.     As a result of the aforesaid conduct of Defendant, Plaintiff suffered the injuries described in paragraphs thirty-four (34) through forty-one (41) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Russell Distler, II, demands judgment in his favor and against Defendant, Amazon.com, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT V
## RUSSELL DISTLER, II v. AMAZON.COM, INC.
## PRODUCTS LIABILITY - NEGLIGENCE

66.     Plaintiff hereby incorporates by reference paragraphs one (1) through sixty-five (65) of the within Complaint as though the same were fully set forth at length herein.

67.     At all times material hereto, Defendant, Amazon.com, Inc., owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing, licensing, implementing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the aforesaid electric bike and its component parts, and to license, market, promote, sell and/or distribute that product in a reasonably safe condition.

68.    The Defendant was negligent in designing, manufacturing, apparently manufacturing, assembling, marketing, licensing, implementing, servicing, distributing, selling and/or providing safety recommendations for the defectively designed and manufactured electric bike and its component parts, which consisted of the following:

(a) carelessly and negligently designing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric bike and its component parts in a dangerous and defective condition so as to cause injury to the Plaintiff;

(b) carelessly and negligently designing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric bike and its component parts with a fundamentally unsafe bolt attaching the rear fender to the e-bike frame and overall design, even though safer and feasible alternative designs existed, which would have prevented the Plaintiff's accident and injuries;

(c) carelessly and negligently failing to implement a safe system for ensuring the subject electric bike and its component parts could be used safely by ordinary consumers/end users of the product, such as Plaintiff;

(d) carelessly and negligently failing to design, manufacture, apparently manufacture, assemble, distribute, implement, service, license and/or sell the subject electric bike with durable component parts able to withstand normal use;

(e) carelessly and negligently failing to recognize the inherent possibility that the subject electric bike and its component parts could malfunction and/or fail;

(f) carelessly and negligently failing to properly equip the subject electric bike and its component parts with proper safety equipment and/or mechanisms, such as an adequately bolted rear fender to frame, to prevent the type of accident which caused Plaintiff's injuries;

(g) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(h) failing to exercise the requisite degree of care and caution in design, development, manufacture, apparent manufacture, distribution, marketing, sale, assembly, maintenance, testing, repair, service, inspection, installation, licensing and/or providing safety recommendations for the subject electric bike and its component parts;

(i) failing to ensure that the subject electric bike and its component parts could be used in a manner which would not cause a danger to end users, such as the Plaintiff;

(j) failing to use industry-recognized safety specifications in the design and implementation of the subject electric bike;

(k) failing to warn purchasers and end users of the dangers of the subject electric bike and its component parts;

(l) failing to properly and adequately test the subject electric bike and its component parts;

(m) failing to properly and adequately inspect and service the subject electric bike and its component parts prior to listing it for sale online or in stores;

(n) failing to recall or otherwise remove from retail the electric bike because of its defective and dangerous condition prior to Plaintiff's accident;

(o) failing to ensure that the subject electric bike and its component parts were safe and free from hidden defects;

(p) failing to identify and correct dangerous and defective conditions in the subject electric bike and its component parts;

(q) failing to take timely action to warn end consumers or otherwise remedy the defective design, manufacture and/or apparent manufacture of the subject electric bike and its component parts, which should have been known to the Defendant prior to the date of Plaintiff's accident;

(r) embossing, affixing and/or otherwise labeling the subject electric bike and its component parts with Defendant's name/trademark and/or symbol;

(s) allowing the subject electric bike and its component parts to be embossed, affixed and/or labeled and sold with Defendant's name/trademark and/or symbol, which readily identified Defendant as the apparent and/or actual manufacturer of the product and caused end users of the product, such as Plaintiff, to associate the product with Defendant's reputation;

(t) vicarious liability as an apparent manufacturer of the subject electric bike pursuant to the Restatement (Second) of Torts §400;

(u) otherwise failing to use due care and caution under the circumstances; and

(v) any other acts or omissions that may be revealed during discovery.

69.    The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to any negligence, wrongdoing or product misuse on the part of the Plaintiff.

70.    As a result of the aforesaid conduct of Defendant, Plaintiff suffered the injuries described in paragraphs thirty-four (34) through forty-one (41) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Russell Distler, II, demands judgment in his favor and against Defendant, Amazon.com, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT VI
## RUSSELL DISTLER, II v. AMAZON.COM, INC.
## <u>BREACH OF WARRANTY</u>

71.    Plaintiff hereby incorporates paragraphs one (1) through seventy (70) of the within Complaint as though the same were fully set forth at length herein.

72.    By virtue of the design, manufacture, apparent manufacture, distribution, marketing, licensing and/or sale of the subject electric bike and its component parts for use by an end user and/or consumer, Defendant, Amazon.com, Inc., warranted to Plaintiff that the subject product was safe, merchantable and fit for its intended use.

73.     The subject electric bike, in fact, was not safe, merchantable or fit for the ordinary purposes for which it was intended to be used, in that it was defective and unreasonably dangerous, rendering it unsafe for the foreseeable uses for which it was designed, manufactured, licensed and/or sold.  Plaintiff was a foreseeable user of the subject product and could reasonably be expected to be injured by the subject product and its component parts.

74.     As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the subject electric bike and its component parts were merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

75.     As a result of the aforesaid conduct of Defendant, Plaintiff suffered the injuries described in paragraphs thirty-four (34) through forty-one (41) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Russell Distler II, demands judgment in his favor and against Defendant, Amazon.com, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00).

### COUNT VII
### RUSSELL DISTLER, II v. AMAZON.COM SERVICES, LLC
### PRODUCTS LIABILITY – STRICT LIABILITY

76.     Plaintiff hereby incorporates by reference paragraphs one (1) through seventy-five (75) of the within Complaint as though the same were fully set forth at length herein.

77.     Defendant, Amazon.com Services LLC, designed, manufactured, apparently manufactured, distributed, marketed, sold, assembled, maintained, tested, repaired, serviced, inspected, installed, licensed, provided safety recommendations for and/or placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d, 399 (Pa. 2014).  More specifically, the Defendant designed, manufactured, apparently

Case ID: 251000313

manufactured, sold and/or placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

78.     Defendant, Amazon.com Services LLC, designed, manufactured, apparently manufactured, prepared, distributed, marketed, sold, assembled, tested, maintained, promoted, repaired, imported, inspected, installed, licensed, distributed, serviced, leased, provided safety recommendations for and/or placed into the stream of commerce the aforementioned Senada Drifter folding electric bike for adults (28MPH, 62 Miles Range), serial number BTJY23040264, and/or its component parts, including all instruction manuals and associated warnings, which caused Plaintiff's accident and injuries.

79.     The accident described herein was caused solely and exclusively by Defendant's defective design, assembly, manufacture, apparent manufacture, licensing, marketing, distribution and/or sale of the aforesaid electric bike and its component parts.

80.     Defendant is strictly liable to Plaintiff as follows:

(a) designing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric bike and its component parts in a dangerous and defective condition so as to cause injury to the Plaintiff;

(b) designing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric bike and its component parts with a fundamentally unsafe bolt attaching the rear fender to the e-bike frame and overall design, even though safer and feasible alternative designs existed, which would have prevented the Plaintiff's accident and injuries;

(c)  failing to properly design, manufacture, apparently manufacture, assemble, implement, license, distribute and/or sell the subject electric bike with durable component parts, including the bolt attaching the rear fender to the e-bike frame, able to withstand normal use;

(d)  failing to properly design, manufacture, apparently manufacture, assemble, license, implement, distribute and/or sell the subject electric bike and its component parts to include an effective and durable safeguard to prevent the accident described above which caused Plaintiff's injuries;

(e)  failing to properly equip the subject electric bike and its component parts with an appropriate safety mechanism to prevent the accident described above which caused Plaintiff's injuries;

(f)  failing to properly design, manufacture, apparently manufacture, assemble, license, implement, distribute and/or sell the subject electric bike and its component parts to adequately warn users of the potential for the type of accident described above which caused Plaintiff's injuries;

(g)  creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(h)  failing to exercise the requisite degree of care and caution in the design, manufacture, apparent manufacture, assembly, licensing, implementation, design, distribution and/or sale of the subject electric bike and its component parts;

(i)  failing to ensure that the subject electric bike was safe and free from hidden defects;

(j)  failing to properly inspect, test, identify and correct dangerous and defective conditions in the subject electric bike;

(k)  failing to ensure that the subject electric bike and its component parts could be used in a manner which would not cause a danger to potential ordinary consumers/users of the product, such as the Plaintiff;

(l)  failing to warn purchasers and end users of the dangers of the subject product;

(m) failing to take timely action to warn end consumers/users or otherwise remedy the defective design, manufacture, apparent manufacture, distribution, marketing, promotion, sale, assembly, maintenance, testing, repair, service,

Case ID: 251000313

inspection, installation and/or safety recommendations for the subject product, which should have been known to the Defendant prior to the date of Plaintiff's accident;

(n) failing to use industry-recognized safety specifications in the design, implementation and manufacture of the subject electric bike;

(o) embossing, affixing and/or otherwise labeling the subject electric bike and its component parts with Defendant's name/trademark and symbol;

(p) allowing the subject electric bike and its component parts to be embossed, affixed and/or labeled and sold with Defendant's name/trademark and symbol which readily identified Defendant as the apparent and/or actual manufacturer of the product;

(q) vicarious liability as an apparent manufacturer of the subject electric bike pursuant to the Restatement (Second) of Torts §400; and

(r) any other acts or omissions that may be revealed during discovery.

81.    The accident described herein was due in no manner to negligence, wrongdoing or product misuse on the part of the Plaintiff.

82.    At all times relevant hereto, Defendant's aforesaid electric bike and its component parts were defective and unsafe for consumer use.

83.    At all times relevant hereto, there were latent defects in the Defendant's aforesaid electric bike and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

84.    The Defendant designed, manufactured, apparently manufactured, distributed, licensed, implemented and/or sold the aforesaid electric bike and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

85.    Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

86.    In addition, Defendant designed, manufactured, apparently manufactured, distributed, implemented and/or sold the subject electric bike with defective warnings and instructions in violation of the Restatement (Second) of Torts §402(B).

87.    In that regard, the warnings and instructions were not adequately durable, visible, or conspicuous, and failed to convey the risk of harm to the intended users of the aforesaid electric bike and its component parts, such as Plaintiff.

88.    The defective warnings and instructions caused Plaintiff's injuries.

89.    As a result of the aforesaid conduct of Defendant, Plaintiff suffered the injuries described in paragraphs thirty-four (34) through forty-one (41) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Russell Distler, II, demands judgment in his favor and against Defendant, Amazon.com Services, LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT VIII
## RUSSELL DISTLER, II v. AMAZON.COM SERVICES, LLC
## PRODUCTS LIABILITY - NEGLIGENCE

90.    Plaintiff hereby incorporates by reference paragraphs one (1) through eighty-nine (89) of the within Complaint as though the same were fully set forth at length herein.

91.    At all times material hereto, Defendant, Amazon.com Services LLC, owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing, licensing, implementing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the aforesaid electric bike and its component parts, and to license, market, promote, sell and/or distribute that product in a reasonably safe condition.

92.    The Defendant was negligent in designing, manufacturing, apparently manufacturing, assembling, marketing, licensing, implementing, servicing, distributing, selling and/or providing safety recommendations for the defectively designed and manufactured electric bike and its component parts, which consisted of the following:

(a)    carelessly and negligently designing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric bike and its component parts in a dangerous and defective condition so as to cause injury to the Plaintiff;

(b)    carelessly and negligently designing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric bike and its component parts with a fundamentally unsafe bolt attaching the rear fender to the e-bike frame and overall design, even though safer and feasible alternative designs existed, which would have prevented the Plaintiff's accident and injuries;

(c)    carelessly and negligently failing to implement a safe system for ensuring the subject electric bike and its component parts could be used safely by ordinary consumers/end users of the product, such as Plaintiff;

(d)    carelessly and negligently failing to design, manufacture, apparently manufacture, assemble, distribute, implement, service, license and/or sell the subject electric bike with durable component parts able to withstand normal use;

(e)    carelessly and negligently failing to recognize the inherent possibility that the subject electric bike and its component parts could malfunction and/or fail;

(f)    carelessly and negligently failing to properly equip the subject electric bike and its component parts with proper safety equipment and/or mechanisms, such as an adequately bolted rear fender to frame, to prevent the type of accident which caused Plaintiff's injuries;

(g) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(h) failing to exercise the requisite degree of care and caution in design, development, manufacture, apparent manufacture, distribution, marketing, sale, assembly, maintenance, testing, repair, service, inspection, installation, licensing and/or providing safety recommendations for the subject electric bike and its component parts;

(i) failing to ensure that the subject electric bike and its component parts could be used in a manner which would not cause a danger to end users, such as the Plaintiff;

(j) failing to use industry-recognized safety specifications in the design and implementation of the subject electric bike;

(k) failing to warn purchasers and end users of the dangers of the subject electric bike and its component parts;

(l) failing to properly and adequately test the subject electric bike and its component parts;

(m) failing to properly and adequately inspect and service the subject electric bike and its component parts prior to listing it for sale online or in stores;

(n) failing to recall or otherwise remove from retail the electric bike because of its defective and dangerous condition prior to Plaintiff's accident;

(o) failing to ensure that the subject electric bike and its component parts were safe and free from hidden defects;

(p) failing to identify and correct dangerous and defective conditions in the subject electric bike and its component parts;

(q) failing to take timely action to warn end consumers or otherwise remedy the defective design, manufacture and/or apparent manufacture of the subject electric bike and its component parts, which should have been known to the Defendant prior to the date of Plaintiff's accident;

(r) embossing, affixing and/or otherwise labeling the subject electric bike and its component parts with Defendant's name/trademark and/or symbol;

(s) allowing the subject electric bike and its component parts to be embossed, affixed and/or labeled and sold with Defendant's name/trademark and/or symbol, which readily identified Defendant as the apparent and/or actual manufacturer of the product and caused end users of the product, such as Plaintiff, to associate the product with Defendant's reputation;

(t) vicarious liability as an apparent manufacturer of the subject electric bike pursuant to the Restatement (Second) of Torts §400;

(u) otherwise failing to use due care and caution under the circumstances; and

(v) any other acts or omissions that may be revealed during discovery.

93.    The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to any negligence, wrongdoing or product misuse on the part of the Plaintiff.

94.    As a result of the aforesaid conduct of Defendant, Plaintiff suffered the injuries described in paragraphs thirty-four (34) through forty-one (41) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Russell Distler, II, demands judgment in his favor and against Defendant, Amazon.com Services, LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT IX
## RUSSELL DISTLER, II v. AMAZON.COM SERVICES, LLC
## <u>BREACH OF WARRANTY</u>

95.    Plaintiff hereby incorporates paragraphs one (1) through ninety-four (94) of the within Complaint as though the same were fully set forth at length herein.

96.    By virtue of the design, manufacture, apparent manufacture, distribution, marketing, licensing and/or sale of the subject electric bike and its component parts for use by an end user and/or consumer, Defendant, Amazon.com Services, LLC., warranted to Plaintiff that the subject product was safe, merchantable and fit for its intended use.

97.     The subject electric bike, in fact, was not safe, merchantable or fit for the ordinary purposes for which it was intended to be used, in that it was defective and unreasonably dangerous, rendering it unsafe for the foreseeable uses for which it was designed, manufactured, licensed and/or sold.  Plaintiff was a foreseeable user of the subject product and could reasonably be expected to be injured by the subject product and its component parts.

98.     As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the subject electric bike and its component parts were merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

99.     As a result of the aforesaid conduct of Defendant, Plaintiff suffered the injuries described in paragraphs thirty-four (34) through forty-one (41) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Russell Distler, II, demands judgment in his favor and against Defendant, Amazon.com Services, LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT X
### RUSSELL DISTLER, II v. JOHN DOES 1-5, FICTITIOUS DEFENDANT(S)
### PRODUCTS LIABILITY – STRICT LIABILITY

100.     Plaintiff hereby incorporates by reference paragraphs one (1) through ninety-nine (99) of the within Complaint as though the same were fully set forth at length herein.

101.     Defendant(s), John Does 1-5, Fictitious Defendant(s), designed, manufactured, apparently manufactured, distributed, marketed, sold, assembled, maintained, tested, repaired, serviced, inspected, installed, licensed, provided safety recommendations for and/or placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega*

*Flex*, 104 A.3d, 399 (Pa. 2014). More specifically, the Defendant designed, manufactured, apparently manufactured, sold and/or placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

102.  Defendant(s), John Does 1-5, Fictitious Defendant(s), designed, manufactured, apparently manufactured, prepared, distributed, marketed, sold, assembled, tested, maintained, promoted, repaired, imported, inspected, installed, licensed, distributed, serviced, leased, provided safety recommendations for and/or placed into the stream of commerce the aforementioned Senada Drifter folding electric bike for adults (28MPH, 62 Miles Range), serial number BTJY23040264, and/or its component parts, including all instruction manuals and associated warnings, which caused Plaintiff's accident and injuries.

103.  The accident described herein was caused solely and exclusively by Defendant's defective design, assembly, manufacture, apparent manufacture, licensing, marketing, distribution and/or sale of the aforesaid electric bike and its component parts.

104.  Defendant(s), John Does 1-5, Fictitious Defendant(s) is/are strictly liable to Plaintiff as follows:

> (a) designing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric bike and its component parts in a dangerous and defective condition so as to cause injury to the Plaintiff;

> (b) designing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric bike and its component parts with a fundamentally unsafe bolt attaching the rear fender to the e-bike frame and overall design, even

Case ID: 251000313

though safer and feasible alternative designs existed, which would have prevented the Plaintiff's accident and injuries;

(c)  failing to properly design, manufacture, apparently manufacture, assemble, implement, license, distribute and/or sell the subject electric bike with durable component parts, including the bolt attaching the rear fender to the e-bike frame, able to withstand normal use;

(d)  failing to properly design, manufacture, apparently manufacture, assemble, license, implement, distribute and/or sell the subject electric bike and its component parts to include an effective and durable safeguard to prevent the accident described above which caused Plaintiff's injuries;

(e)  failing to properly equip the subject electric bike and its component parts with an appropriate safety mechanism to prevent the accident described above which caused Plaintiff's injuries;

(f)  failing to properly design, manufacture, apparently manufacture, assemble, license, implement, distribute and/or sell the subject electric bike and its component parts to adequately warn users of the potential for the type of accident described above which caused Plaintiff's injuries;

(g)  creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(h)  failing to exercise the requisite degree of care and caution in the design, manufacture, apparent manufacture, assembly, licensing, implementation, design, distribution and/or sale of the subject electric bike and its component parts;

(i)  failing to ensure that the subject electric bike was safe and free from hidden defects;

(j)  failing to properly inspect, test, identify and correct dangerous and defective conditions in the subject electric bike;

(k)  failing to ensure that the subject electric bike and its component parts could be used in a manner which would not cause a danger to potential ordinary consumers/users of the product, such as the Plaintiff;

(l)  failing to warn purchasers and end users of the dangers of the subject product;

(m) failing to take timely action to warn end consumers/users or otherwise remedy the defective design, manufacture, apparent manufacture, distribution, marketing, promotion, sale, assembly, maintenance, testing, repair, service, inspection, installation and/or safety recommendations for the subject product, which should have been known to the Defendant prior to the date of Plaintiff's accident;

(n) failing to use industry-recognized safety specifications in the design, implementation and manufacture of the subject electric bike;

(o) embossing, affixing and/or otherwise labeling the subject electric bike and its component parts with Defendant's name/trademark and symbol;

(p) allowing the subject electric bike and its component parts to be embossed, affixed and/or labeled and sold with Defendant's name/trademark and symbol which readily identified Defendant as the apparent and/or actual manufacturer of the product;

(q) vicarious liability as an apparent manufacturer of the subject electric bike pursuant to the Restatement (Second) of Torts §400; and

(r) any other acts or omissions that may be revealed during discovery.

105.    The accident described herein was due in no manner to negligence, wrongdoing or product misuse on the part of the Plaintiff.

106.    At all times relevant hereto, Defendant(s)'s aforesaid electric bike and its component parts were defective and unsafe for consumer use.

107.    At all times relevant hereto, there were latent defects in the Defendant(s)'s aforesaid electric bike and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

108.    The Defendant(s) designed, manufactured, apparently manufactured, distributed, inspected, serviced, licensed and/or sold the aforesaid electric bike and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

109.    Defendant(s) is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

110.    In addition, Defendant(s) designed, manufactured, apparently manufactured, distributed and/or sold the subject electric bike with defective warnings and instructions in violation of the Restatement (Second) of Torts §402(B).

111.    In that regard, the warnings and instructions were not adequately durable, visible, or conspicuous, and failed to convey the risk of harm to the intended users of the aforesaid electric bike and its component parts, such as Plaintiff.

112.    The defective warnings and instructions caused Plaintiff's injuries.

113.    Furthermore, Defendant(s) is/are liable and/or vicariously liable to Plaintiff as an apparent manufacturer of the subject electric bike pursuant to the Restatement (Second) of Torts §400.

114.    As a result of the aforesaid conduct of the John Doe Defendant(s), Plaintiff suffered the injuries described in paragraphs thirty-four (34) through forty-one (41) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Russell Distler, II, demands judgment in his favor and against Defendant(s), John Does 1-5, Fictitious Defendant(s), in an amount in excess of Fifty Thousand Dollars ($50,000.00).

Case ID: 251000313

**COUNT XI**
**RUSSELL DISTLER, II v. JOHN DOES 1-5, FICTITIOUS DEFENDANT(S)**
**PRODUCTS LIABILITY - NEGLIGENCE**

115.    Plaintiff hereby incorporates by reference paragraphs one (1) through one hundred fourteen (114) of the within Complaint as though the same were fully set forth at length herein.

116.    At all times material hereto, Defendant(s), John Does 1-5, Fictitious Defendant(s), owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing, licensing, implementing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the aforesaid electric bike and its component parts, and to license, market, promote, sell and/or distribute that product in a reasonably safe condition.

117.    The John Doe Defendant(s) was/were negligent in designing, manufacturing, apparently manufacturing, assembling, marketing, licensing, implementing, servicing, distributing, selling and/or providing safety recommendations for the defectively designed and manufactured electric bike and its component parts, which consisted of the following:

(a) carelessly and negligently designing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric bike and its component parts in a dangerous and defective condition so as to cause injury to the Plaintiff;

(b) carelessly and negligently designing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric bike and its component parts with a fundamentally unsafe bolt attaching the rear fender to the e-bike frame and overall design, even though safer and feasible alternative designs existed, which would have prevented the Plaintiff's accident and injuries;

Case ID: 251000313

(c) carelessly and negligently failing to implement a safe system for ensuring the subject electric bike and its component parts could be used safely by ordinary consumers/end users of the product, such as Plaintiff;

(d) carelessly and negligently failing to design, manufacture, apparently manufacture, assemble, distribute, implement, service, license and/or sell the subject electric bike with durable component parts able to withstand normal use;

(e) carelessly and negligently failing to recognize the inherent possibility that the subject electric bike and its component parts could malfunction and/or fail;

(f) carelessly and negligently failing to properly equip the subject electric bike and its component parts with proper safety equipment and/or mechanisms, such as an adequately bolted rear fender to frame, to prevent the type of accident which caused Plaintiff's injuries;

(g) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(h) failing to exercise the requisite degree of care and caution in design, development, manufacture, apparent manufacture, distribution, marketing, sale, assembly, maintenance, testing, repair, service, inspection, installation, licensing and/or providing safety recommendations for the subject electric bike and its component parts;

(i) failing to ensure that the subject electric bike and its component parts could be used in a manner which would not cause a danger to end users, such as the Plaintiff;

(j) failing to use industry-recognized safety specifications in the design and implementation of the subject electric bike;

(k) failing to warn purchasers and end users of the dangers of the subject electric bike and its component parts;

(l) failing to properly and adequately test the subject electric bike and its component parts;

(m) failing to properly and adequately inspect and service the subject electric bike and its component parts prior to listing it for sale online or in stores;

(n) failing to recall or otherwise remove from retail the electric bike because of its defective and dangerous condition prior to Plaintiff's accident;

(o) failing to ensure that the subject electric bike and its component parts were safe and free from hidden defects;

(p) failing to identify and correct dangerous and defective conditions in the subject electric bike and its component parts;

(q) failing to take timely action to warn end consumers or otherwise remedy the defective design, manufacture and/or apparent manufacture of the subject electric bike and its component parts, which should have been known to the Defendant prior to the date of Plaintiff's accident;

(r) embossing, affixing and/or otherwise labeling the subject electric bike and its component parts with Defendant's name/trademark and/or symbol;

(s) allowing the subject electric bike and its component parts to be embossed, affixed and/or labeled and sold with Defendant's name/trademark and/or symbol, which readily identified Defendant as the apparent and/or actual manufacturer of the product and caused end users of the product, such as Plaintiff, to associate the product with Defendant's reputation;

(t) vicarious liability as an apparent manufacturer of the subject electric bike pursuant to the Restatement (Second) of Torts §400;

(u) otherwise failing to use due care and caution under the circumstances; and

(v) any other acts or omissions that may be revealed during discovery.

118. The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to any negligence, wrongdoing or product misuse on the part of the Plaintiff.

119. As a result of the aforesaid conduct of the John Doe Defendant(s), Plaintiff suffered the injuries described in paragraphs thirty-four (34) through forty-one (41) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Russell Distler, II, demands judgment in his favor and against Defendant(s), John Does 1-5, Fictitious Defendants, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT XII
## RUSSELL DISTLER, II v. JOHN DOES 1-5, FICTITIOUS DEFENDANT(S)
## <u>BREACH OF WARRANTY</u>

120.    Plaintiff hereby incorporates paragraphs one (1) through one hundred nineteen (119) of the within Complaint as though the same were fully set forth at length herein.

121.    By virtue of the design, manufacture, apparent manufacture, distribution, marketing, licensing and/or sale of the subject electric bike and its component parts for use by an end user and/or consumer, the John Doe Defendant(s) warranted to Plaintiff that the subject product was safe, merchantable and fit for its intended use.

122.    The subject electric bike, in fact, was not safe, merchantable or fit for the ordinary purposes for which it was intended to be used, in that it was defective and unreasonably dangerous, rendering it unsafe for the foreseeable uses for which it was designed, manufactured, licensed and/or sold.  Plaintiff was a foreseeable user of the subject product and could reasonably be expected to be injured by the subject product and its component parts.

123.    As a result of the foregoing, the John Doe Defendant(s) is/are liable to the Plaintiff for the breach of express and/or implied warranties that the subject electric bike and its component parts were merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

124.    As a result of the aforesaid conduct of the John Doe Defendant(s), Plaintiff suffered the injuries described in paragraphs thirty-four (34) through forty-one (41) herein, which are incorporated by reference as though fully set forth at length.

Case ID: 251000313

WHEREFORE, Plaintiff, Russell Distler, II, demands judgment in his favor and against Defendant(s), John Does 1-5, Fictitious Defendants, in an amount in excess of Fifty Thousand ($50,000.00).

Respectfully,

**SWARTZ CULLETON FERRIS** TRIAL LAWYERS

By:    /s/Bryan M. Ferris
        Bryan M. Ferris, Esquire

        *Attorneys for Plaintiff,*
Date:  October 2, 2025    Russell Distler, II

## VERIFICATION

I, Russell Distler, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.   The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

Russell Distler

EXHIBIT A

Case ID: 251000313



E-Bike

Case ID: 251000313

EXHIBIT B

Case ID: 251000313



Bolt slot in fender

Case ID: 251000313

EXHIBIT C

Case ID: 251000313



Threaded bolt hole in frame

Case ID: 251000313

EXHIBIT D

Case ID: 251000313



Rear tire tread damage

Case ID: 251000313

EXHIBIT E

Case ID: 251000313



Road abrasion marks on rear fender

Case ID: 251000313

EXHIBIT F

Case ID: 251000313



Abrasion marks on back end of front fender created when the bike fell over

Case ID: 251000313

EXHIBIT G

Case ID: 251000313



Damaged/bent rear fender brace.  At the time of the incident the fender was rotated about 45 degrees further in the clockwise direction.

Case ID: 251000313

EXHIBIT H

Case ID: 251000313



Damaged/bent rear fender brace on left side

Case ID: 251000313

EXHIBIT I

Case ID: 251000313

